RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/2/11
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JOSE LEON GONZALEZ-LONGORIA, JR.    DOCKET NO. 11-CV-616; SEC. P

VERSUS                              JUDGE TRIMBLE

ERIC HOLDER, ET AL.                 MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

*Pro se* Petitioner, Jose Leon Gonzalez-Longoria, Jr., filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on April 14, 2011. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the United States Penitentiary in Pollock, Louisiana. He complains of the manner in which the BOP is executing his sentence through the collection of his criminal fines.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Petitioner has filed multiple motions to reduce sentence pursuant to 28 U.S.C. §2255 and 18 U.S.C. §3582, all of which were denied. [See Jose Leon Gonzalez-Longoria v. U.S., 92-CR-65 (WDTX)] He has filed a Nunc Pro Tunc Application Pursuant to 18 USC §3572(d)(3) for Clarification of Sentencing Court's Imposition of Fine Intent [Id. at Doc. 1030]; and, he has filed subsequent motions regarding his Inmate Financial Responsibility Program (IFRP) quarterly payments [Id at Doc. 1032]. Petitioner has

specifically asked the court of conviction to explain the meaning of "This fine shall be paid immediately", as it appears on page four of his criminal judgment. He asked that court whether he was ordered to pay the fine in one lump sum or in installments. In or around 2010, Petitioner's deductions under the IFRP were increased from $25 per quarter to $225 per quarter based on an increase in Petitioner's employment, and he asked the court of conviction to reduce the amount back to $25. [Id. at Motion by Petitioner Doc. #1030] Petitioner specifically asked that court to "intervene and schedule a payment plan pursuant to 18 USC 3572(a)(1) for the remaining life of the lien...." [Id. at Doc. #1036]

In this case, Petitioner raises the same complaints. The judgment ordered Petitioner to pay a criminal fine of $200,000 "due immediately," which Petitioner maintains is "ambiguous" since it did not outline a payment schedule. Thus, Petitioner requests that this Court order the BOP to place Petitioner on "IFRP-Exempt" status for the remaining life of the lien.

### Law and Analysis

The instant application for habeas relief is the latest in a series of challenges Petitioner has mounted against his fine and the manner in which he is paying it.

First, to the extent that Petitioner is challenging his judgment, which imposes a $200,000 fine payable "immediately", this Court is without jurisdiction to consider that claim. A petition

2

that raises errors that occurred at trial or sentencing must be raised in a §2255 motion. See Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Petitioner has pursued these claims under Section 2255, and relief was denied. The only way this Court would have jurisdiction to consider a collateral attack on Petitioner's judgment would be if Petitioner met the requirements of the savings clause of 2255(e). That is, Petitioner would have to show that the §2255 remedy is "inadequate or ineffective to test the legality of his detention." §2255(e). Petitioner has not made such an allegation in this case.

Even if Petitioner had made such an allegation, his claim is without merit. Title 18 U.S.C. §3572(d)(3) only applies to a judgment that permits payments **in installments**. 18 U.S.C. §3572(d)(3). Petitioner's judgment orders that the fine be paid immediately, not in installments. Petitioner also argues that the application of 18 U.S.C. §3572(a) is mandated by Congress. Section 3572(a) only provides factors for the sentencing court to consider in imposing a fine and the method of payment. Section 3572(d)(1) is most telling, as it provides that in general, a person sentenced to pay a fine shall make such payment **immediately**, unless the court finds in the interest of justice payment should be made on a particular date or in installments. See U.S. v. Tovar-Valencia, 372 Fed.Appx. 459 (5th Cir. 2010)(Statute governing a challenge to a judgment for a fine which permits payments in installments did

3

not authorize relief for prisoner challenging fine, which was to be paid in full immediately.); Schmidt v. U.S. Dept. of Justice, 34 Fed.Appx. 51 (5th Cir. 2002)(A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments.) Clearly, in Petitioner's criminal matter, as quoted by Petitioner, the sentencing court ordered the fine payable immediately. Such immediate payment is the rule, not the exception, according to 18 U.S.C. §3572.

As for Petitioner's 2241 claim that the IFRP is unconstitutional, or that the BOP should exempt Petitioner from the IFRP, his claim is without merit. When a prison regulation impinges on an inmate's constitutional rights, the regulation is valid if it is reasonably related to a legitimate penological interest. See Turner v. Safley, 482 U.S. 78, 89 (1987). It is well-settled that the IFRP serves the legitimate penological interest of rehabilitation, and it has been upheld against constitutional attack. See Mitchell v. U.S., 211 F.3d 125 (5th Cir. 2000)(Table); citing McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999). The regulations relevant to IFRP plans allow prison officials to accelerate payments and to count funds from outside the prison as available resources. Id., citing McGhee, 166 F.3d at 887; 28 C.F.R. §545.11(b).

To the extent that Petitioner seeks to collaterally attack his judgment/fine, this is a successive Section 2255 petition. Petitioner has not alleged that he is entitled to proceed under the savings clause. Thus this Court is without jurisdiction to consider the claim. As for Petitioner's challenge to the manner in which the BOP is collecting his fine, the claim should be dismissed.

The Court has given Petitioner's application preliminary consideration pursuant to 28 U.S.C. § 2243[1] and Rule 4 of the Rules Governing §2254 Cases in the United States District Courts,[2] which is applicable to §2241 petitions under Rule 1(b).[3] According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[4] Such is the case in the captioned matter.

Accordingly, **IT IS RECOMMENDED** that Petitioner's application be **DISMISSED** in part for lack of jurisdiction and **DISMISSED WITH PREJUDICE** as to Petitioner's claim regarding the IFRP.

---

[1] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[3] See id. at PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

[4] Id. at PROC. R. 4.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ___ day of June, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE